# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM G. SCHWAB, as CHAPTER 7 TRUSTEE for BEVERLY A. FEARON, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-0489 |
| v. | (JUDGE CAPUTO) |
| REAMSTOWN MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court are Defendant's Motion for Summary Judgment (Doc. 12) and Plaintiff's Cross Motion for Summary Judgment (Doc. 14).  For the reasons set forth below, the Court will grant Plaintiff's motion and deny Defendant's motion.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

## BACKGROUND

The undisputed facts are as follows.  On September 13, 2004, John F. Fearon and Beverly A. Fearon (collectively "Debtors") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania.  (Doc. 13 p. 2.)  The matter was docketed at Bankruptcy Petition No. 5:04-bk-54585-JJT.  (Doc. 13 p. 2.)  Pursuant to 11 U.S.C. § 1306(a)(2), Charles J. DeHart III was appointed as the trustee of the Debtors' Estate.  (Doc. 13 p. 2.)

On February 27, 2005, John Fearon intentionally set fire to Debtors' residence. (Doc. 13 p. 2 and Doc. 20 p. 2.)  On April 5, 2005, the Debtors' bankruptcy case was

converted to Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 . (Doc. 20 p. 2.) On April 7, 2005, Plaintiff William G. Schwab, Esquire, was appointed as the trustee. (Doc. 13 p. 2.)

Subsequently, Plaintiff asserted a right to collect on the homeowner's insurance policy for the loss of the residence and personal property as a result of the fire. (Doc. 20 p. 2.) Upon denial of coverage by Defendant, Plaintiff filed a Complaint on March 7, 2006. (Doc. 1.) On September 28, 2006, Defendant filed a Motion for Summary Judgment. (Doc. 12.) On October 2, 2006, Plaintiff filed a Cross Motion for Summary Judgment. (Doc. 14.) On October 10, Plaintiff filed a Brief in Opposition to Defendant's Motion for Summary Judgment (Doc. 20) and a Reply (Doc. 21). On October 23, 2006, Defendant filed a Reply. (Doc. 23.)

This motions are fully briefed and ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury

2

could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

Both motions turn on the same central issue, viz., whether a Chapter 7 trustee may recover on a policy from an insurer when the damages are a consequence of actions by the debtor which would preclude recovery by the debtor. Both parties rely heavily on the case of *In re Feiereisen*, 56 B.R. 167 (Bankr. D. Ore. 1985). In *Feiereisen*, the trustee sought to recover proceeds of a fire insurance policy after the debtor had intentionally burned the insured property. *Id.* at 169. The court held that since the arson occurred after the reconversion of the case from Chapter 11 back to Chapter 7, and after the appointment of the trustee, the trustee was not barred from recovery. *Id.* The court reasoned that the trustee, as representative of the estate, had acquired the rights of the debtor in the insurance policy upon creation of the estate. *Id.* After the creation of the estate, the trustee acts as its representative, pursuant to 11 U.S.C. § 323, and thus the debtor has no authority to act on behalf of the estate. *Id.*

In the present case, the debtor did not burn the property after filing for Chapter 7, but did so after filing for Chapter 13. That difference, however, does not distinguish this case from *Feiereisen*. The facts central to the holding in *Feiereisen* were that a bankruptcy petition had been filed and that a trustee had been appointed to take control of the estate, thereby transferring the rights of the debtor in the policy transferred to the trustee. *See Id*. at 169-70. The present case is analogous. A bankruptcy petition was filed and a trustee had been appointed prior to the intentional destruction of property by the debtor. Therefore, the trustee acquired the rights of the debtor in the insurance policy. *Id.* While Chapter 13 and Chapter 7 may be different in certain respects, they are

equivalent as they relate to the debtor's authority to act on behalf of the estate. *See In re Harp*, 166 B.R. 740, 755 (Bankr. N.D. Ala. 1993) (explaining that the individual in Chapter 13 submits himself and his belongings to a trustee who is the fiduciary for the creditors). Because the debtor no longer had any authority to act on behalf of the estate on February 27, 2005, the intentional wrongdoing of the debtor, which was subsequent to the Chapter 13 filing but prior to the Chapter 7 conversion, is not attributable to the estate. Consequently, Plaintiff, trustee, is not precluded from recovery under the insurance policy.

## CONCLUSION

For the reasons set forth above, the Court will grant Plaintiff's Cross Motion for Summary Judgment (Doc. 14), and deny Defendant's Motion for Summary Judgment (Doc. 12). Judgment will be entered for Plaintiff as to liability. The case will proceed as scheduled, and will be limited to the issue of damages and other relief owed to Plaintiff.

An appropriate Order will follow.

November 14, 2006                s/ A. Richard Caputo
Date                             A. Richard Caputo
                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM G. SCHWAB, as CHAPTER 7 TRUSTEE for BEVERLY A. FEARON,<br><br>    Plaintiff,<br><br>           v.<br><br>REAMSTOWN MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | CIVIL ACTION NO. 3:06-CV-0489<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this  14th  day of November, 2006, **IT IS HEREBY ORDERED** that:

(1)     Defendant's Motion for Summary Judgment (Doc. 12) is **DENIED**.

(2)     Plaintiff's Cross Motion for Summary Judgment (Doc. 14) is **GRANTED**.

(3)     Judgment is entered for Plaintiff on the issue of liability.

(4)     This case will proceed on the deadlines established by the Case Management Order dated June 6, 2006 (Doc. 10) to determine the issue of damages.

                                                              s/ A. Richard Caputo
                                                              A. Richard Caputo
                                                              United States District Judge